THE HENRY DENNIS.

LAVINDER *v.* THE HENRY DENNIS.

*(District Court, D. Washington, N. D.    October 18, 1891.)*

LIBEL IN REM—WHEN MAINTAINABLE—FAILURE TO SHOW LIEN.
  A libel *in rem* set forth a contract with the owners of a schooner whereby she was to engage in a certain employment, and be commanded by libelant, who, on certain conditions, was to acquire a one-fourth interest in her, and averred performance on libelant's part, and a subsequent sale of the vessel for a specific sum, one-fourth of which libelant sought to recover. *Held,* that no cause for a lien was shown, and hence a libel *in rem* could not be maintained.

In Admiralty.

The libel sets forth a contract between the libelant and three others, who were then owners of the schooner Henry Dennis, by which it was agreed that the vessel was to engage in certain employment, and be commanded by the libelant, and that upon certain terms and conditions he was to acquire an ownership of one-fourth part of the vessel, and alleges performance on libelant's part of said contract, and, subsequently thereto, a sale of the vessel for a definite price, and the object of this suit is to recover one-fourth of said purchase price.

  *W. F. Hayes* and *W. B. Tyler,* for libelant.

  *Jas. Hamilton Lewis,* for claimant.

HANFORD, J., *(after stating the facts as above.)*    It is not clear to me whether the libelant wages this suit to specifically enforce an executory contract, by which, upon certain terms and conditions, he was given a right to acquire an interest as part owner of the schooner, or to recover damages for breach of such contract, or for an accounting between owners, and division of the proceeds of the sale of the schooner, or to recover from the purchaser a part of the purchase price, proportionate to his share as part owner of the vessel, treating the contract as an executed contract of sale; but it is clear that the libel does not allege facts from which the court can find that there is an existing lien upon the vessel in the libelant's favor.    Without a lien, a suit *in rem* is baseless, and cannot be maintained upon either theory.    The argument of counsel upon the hearing has touched many points of interest, but, after careful consideration, I find no question requiring the assignment of special reasons or elaboration of argument in deciding it.    Upon the authority of Desty's Shipping and Admiralty, (section 48,) and the decision of the supreme court of the United States in the case of *The Eclipse,* 135 U. S. 599, 10 Sup. Ct. Rep. 873, and the cases therein referred to, I hold that the case must be dismissed for want of jurisdiction in this court of the subject-matter, and a decree will be entered accordingly.